IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FORD, | : |
| | : |
|     Petitioner | : |
| | :   CIVIL NO. 1:10-CV-1461 |
| | : |
| v. | :   Hon. John E. Jones III |
| | : |
| WARDEN DAVID J. EBBERT, | : |
| | : |
|     Respondent | : |

## **MEMORANDUM**

September 13, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Kenneth Ford ("Petitioner" or "Ford"), an inmate presently confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) Ford alleges that he has not received proper consideration for placement in a Residential Reentry Center ("RRC") under the Second Chance Act, and requests his immediate release either to a RRC or to home confinement. (*Id.*)

Service of the Petition was directed by Order dated August 13, 2010, and Respondent was directed to respond to the allegations in the Petition within twenty-

one (21) days. (Doc. 5.) After requesting an extension of time to answer the Petition, which was granted, on September 10, 2010, Respondent filed a Response asserting that, in light of the fact that Ford was released to a RRC on September 8, 2010, the instant Petition should be dismissed as moot. (*See* Doc. 9; Doc. 9-2, Inmate Profile.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,*

414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, the sole contention by Ford in his Petition was that he had not been given proper consideration under the Second Chance Act for release to a RRC because the Unit Team did not consider his program participation, and his sole request was for his immediate release to a RRC or to home confinement. (*See* Doc. 1 at 2-4.) Ford has been released to a RRC, and therefore, he has obtained the relief he sought in his Petition. As a result, his Petition must be dismissed as moot. An appropriate Order will enter.